IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM JACKSON GAY BARNES, #A0177540,<br><br>Petitioner,<br><br>vs.<br><br>GOVERNOR IGE, NOLAN ESPINDA, FRANCIS SEQUIERA, JOHN DOES 1-10, JANE DOES 1-10,<br><br>Respondents. | NO. 1:18-cv-00034 DKW-KSC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING WRIT OF MANDAMUS, IN FORMA PAUPERIS APPLICATION, AND CERTIFICATE OF APPEALABILITY |

Before the Court is pro se prisoner William Jackson Gay Barnes' pleading entitled, "Petition(s) for a Writ of Habeas Corpus and Writ of Mandamus." ECF No. 1. Barnes challenges his pretrial detention at the Oahu Community Correctional Center ("OCCC"). Barnes is a pretrial detainee awaiting trial in the Circuit Court of the First Circuit ("circuit court"), State of Hawaii, in consolidated cases: *State v. Barnes*, Cr. No. 15-1-000354 and *State v. Barnes*, Cr. No. 15-1-000267.[1]  *See* Hawaii State Judiciary Ecourt Kokua, available at:

---

[1] The Court takes judicial notice of Barnes' state court criminal proceedings. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); Fed. R. Evid. 201(b).

http://www.courts.state.hi.us/legal_references/records/jims.; 1PC151000354;

1PC151000267 (last visited Feb. 12, 2018).

For the following reasons, the Court DISMISSES the Petition for Writ of Habeas Corpus for lack of jurisdiction, DENIES a certificate of appealability, and DENIES the Petition for Writ of Mandamus. Any pending motions, including Barnes' application to proceed in forma pauperis, ECF No. 3, are also DENIED.

## I. BACKGROUND

Barnes broadly alleges that Respondents are holding him illegally at OCCC and seeks a Writ of Mandamus to appear in federal court to explain his claims. Barnes says that he was "locked in" the Adventist Health Castle Medical Center between December 26, 2017, and January 2, 2018, while he was being treated for a sexual and physical assault. ECF No. 1, PageID #2, 4. He says that his attorney, the Honolulu Police Department, and Aloha Bail agent Scott all knew that he was in the hospital when he failed to appear at a January 2, 2018 court date. He argues that his absence at the hearing should therefore have been excused.[2]

---

[2]The state court docket in Cr. No. 15-1-000354 shows that Barnes posted a surety bond on December 19, 2017. On January 2, 2018, when Barnes did not appear at court, a discussion was held on the record regarding Barnes' hospitalization at the Adventist Health Castle Medical Center. The circuit court issued a bench warrant, and Barnes was arrested on January 4, 2018. Barnes was in custody on January 29, 2018 when the circuit court reset his trial for the week of May 21, 2018.

2

Barnes also complains that the conditions of his confinement at OCCC are "cruel and unusual, intentionally negligent, and deliberately indifferent under both the State of Hawaii and the United States Constitutions." ECF No. 1, PageID #2. Barnes alleges that he is: (1) triple-celled and forced to sleep on the floor; (2) given meals that contain less than 1/3 protein and 3200 calories per day, and are not maintained at 140 degrees; (3) denied medical and psychiatric care for his injuries and mental health issues; and (4) denied access to the law library, his legal papers, and his mail which impedes his access to the courts. *Id.*, PageID #2-3.

Although his request for relief is not explicit, because he filed a Petition for Writ of Habeas Corpus and says that he is being illegally detained, it is clear that Barnes seeks release.

## II. STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Because Barnes is a pretrial detainee and is *not* in custody pursuant to a state court judgment, the Court construes his Petition for Writ of Habeas Corpus as brought pursuant to 28 U.S.C. § 2241. *See Hoyle v. Ada Cty.*, 501 F.3d 1053, 1058 (9th Cir. 2007) (holding § 2241 is the appropriate vehicle for pretrial detainee's challenge to detention); *Stow v. Murashige*, 389 F.3d 880, 882-83, 886-88 (9th Cir. 2004) (allowing pretrial detainee challenging retrial to proceed under § 2241). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).

Rule 4 of the Rules Governing Section 2254 Cases, which applies to habeas petitions brought pursuant to 28 U.S.C. § 2241,[3] requires the court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### III. **DISCUSSION**

**A.     Younger Abstention**

Under traditional principles of comity and federalism, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *Middlesex Cty.*

---

[3]*See* Rule 1(b) of the Rules Governing § 2254 Cases.

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). *Younger* abstention is required when: (1) state judicial proceedings are ongoing, (2) the state proceedings implicate important state interests, (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding, and (4) the federal court action would enjoin or have the practical effect of enjoining the criminal proceeding. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Generally, if *Younger* abstention applies, a court may not retain jurisdiction and should dismiss the action. *Juidice v. Vail*, 430 U.S. 327, 337 (1977); *see H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) ("When the case is one in which the *Younger* doctrine applies, the case must be dismissed."); *but cf. Gilbertson v. Albright*, 381 F.3d 965, 984, 968 (9th Cir. 2004) (holding that when *Younger* abstention applies to damages actions, those "actions should be stayed until the state proceedings are completed"); *accord Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-90 (9th Cir. 2009) (approving district court's stay, "because in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings"). Even when the *Younger* elements are present, however, a federal court may exercise jurisdiction when state proceedings are being conducted in bad faith or when an extraordinary

circumstance exists. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

*Younger* is satisfied here, and no exception or extraordinary circumstance is apparent to justify federal intervention. First, Barnes is a state pretrial detainee awaiting trial in May 2018, and his criminal proceedings are clearly ongoing. Second, Hawaii has an important interest in enforcing its criminal laws and in maintaining the integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) (recognizing "that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

Third, Barnes has an adequate opportunity to raise his federal constitutional issues in state court, and he has been appointed a standby attorney to ensure that his constitutional rights are protected.[4] "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). There is nothing in the state court

---

[4] On November 2, 2017, the circuit court allowed Barnes to proceed pro se in his criminal proceedings and appointed Joseph Mottl, Esq., as standby counsel.

record that would prevent Barnes from challenging the loss of his surety bond and resultant incarceration before trial, on direct appeal, or possibly in a state post-conviction petition under Rule 40 of the Hawaii Rules of Penal Procedure.

Finally, relief here would interfere with Barnes' state criminal proceedings in a manner disapproved of by *Younger* by inserting federal court oversight into an ongoing state criminal proceeding.

Accordingly, all of the elements to invoke the *Younger* Abstention Doctrine are present. Nothing in the Petition or state court docket indicates the state proceedings are being conducted in bad faith or that an extraordinary circumstance exists. This Court must abstain from interfering in the ongoing state criminal proceedings. Because Barnes does not seek damages, his Petition for Writ of Habeas Corpus is DISMISSED without prejudice pursuant to the *Younger* abstention doctrine.

**B.     The Petition for Writ of Mandamus is Denied**

Under 28 U.S.C. § 1361, district courts have original jurisdiction to issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when: (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial

7

and "so plainly prescribed as to be free from doubt;" and (3) no other adequate remedy is available. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). This Court lacks jurisdiction to issue a writ of mandamus to command an action or inaction by a state or its agencies. *See, e.g., Demos v. U.S. Dist. Court for Eastern Dist. of Wash.*, 925 F.2d 1160 (9th Cir.1991). Barnes' Petition for a Writ of Mandamus is DENIED.

**C.     Remaining Claims**

Barnes also raises claims concerning the conditions of his confinement at OCCC, apparently in support of his request for release.[5]  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Barnes' conditions of confinement claims, if successful, would not entitle him to release from custody and are therefore cognizable only under 42 U.S.C. § 1983, not in this habeas action. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Mayle v. Felix*, 545 U.S. 654-55 (2005) (discussing procedural differences and standards between

---

[5]Barnes makes no request for damages.

habeas actions and ordinary civil actions). That is, Barnes' claims regarding conditions at OCCC bear no relationship to the legality of his pretrial detention.

The Court has the discretion to convert a habeas petition to a prisoner civil rights case in appropriate circumstances. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006). Because Barnes clearly seeks habeas relief – release from pretrial detention – and there are significant procedural differences and consequences between these two types of actions, the Court declines to do so.

For example, the filing fee for a prisoner civil rights litigant who is proceeding in forma pauperis is $350.00 compared to the substantially lower $5.00 filing fee for a habeas petition. 28 U.S.C. § 1914(a). The Court cannot assume that Barnes is willing to pay the considerably higher filing fee.

Moreover, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative exhaustion applies to all prisoner claims that do not implicate the duration of a prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite in a prisoner civil

rights action and cannot be excused by a district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Having filed his claims under § 2241, Barnes may be unaware of this requirement, or he may be in the process of exhausting his conditions of confinement claims. Considering that Barnes was incarcerated on January 4 and filed this action on January 23, 2018, it is extremely unlikely that he fully exhausted his claims before commencing this suit.

Finally, the pleading standards differ markedly for habeas petitions and civil rights actions. Rule 8 of the Federal Rules of Civil Procedure, which governs civil rights pleadings, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement and requires habeas petitioners to "specify all the grounds for relief available" and "the facts supporting each ground." Barnes' claims as written satisfy neither of these standards and are subject to dismissal (albeit with leave to amend) if this action were not subject to *Younger* abstention.

To the extent Barnes wishes to continue his challenges to the conditions of his confinement at OCCC, he must file a civil rights action. Barnes has filed at least two previous civil rights actions in this Court and has the ability to do so

again if that is his intent. *See Barnes v. Sumner*, Civ. No. 92-00335 DAE-DGC (D. Haw. 1992); *Barnes v. Kimbrell*, Civ. No. 91-00607 ACK (D. Haw. 1991).

## IV. <u>CONCLUSION</u>

(1) Barnes' Petition for Writ of Habeas Corpus, construed as brought pursuant to 28 U.S.C. § 2241, is DISMISSED pursuant to the *Younger* abstention doctrine. This dismissal is without prejudice and without leave to amend.

(2) Barnes' Petition for Writ of Mandamus is DENIED.

(3) To the extent Barnes raises conditions of confinement claims that do not impact the duration or fact of his detention, those claims are DISMISSED without prejudice to bringing them in a new, prisoner civil rights action, subject to separate filing fees, after Barnes has exhausted his claims.

(4) Rule 11(a) of the Habeas Rules requires the Court to indicate in this Order whether Barnes is entitled to a certificate of appealability. Because Barnes cannot make a substantial showing that reasonable jurists would find the dismissal of his Petition pursuant to the *Younger* abstention doctrine either debatable or incorrect, any request for a certificate of appealability is DENIED. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

(5) Any pending motions, including Barnes' application to proceed in forma pauperis, ECF No. 3, are DENIED.

IT IS SO ORDERED.

DATED: February 15, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*William Jackson Gay Barnes v. Governor Ige, et al.*; Civil No. 18-00034; **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING WRIT OF MANDAMUS, IN FORMA PAUPERIS APPLICATION, AND CERTIFICATE OF APPEALABILITY**

*Barnes v. Ige, et al.*, NO. 1:18-cv-00034-DKW-KSC; hab '18 Barnes 18-34 dkw (2241 Younger dsm 1983 cls)